Filed 5/2/13  In re M.D. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re M.D., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>M.D.,<br><br>    Defendant and Appellant. | A135883<br><br>(Alameda County<br>Super. Ct. No. SJ10154292) |

Sixteen-year-old M.D. (the minor) appeals from juvenile court orders finding that he committed felony robbery and placing him on probation. He contends that there is no evidence of force to support the robbery finding and that certain terms of his probation incorporated in the judgment differ from those imposed by the court and are unconstitutional, unreasonable, or vague. We affirm the robbery finding but agree, as does the Attorney General, that the challenged probation conditions must be modified to conform to the juvenile court's oral pronouncements.

**Factual and Procedural History**

In 2009, the minor ran away from his home in South Carolina and came to California. In August 2010, a petition was filed under Welfare and Institutions Code section 602 alleging that the minor committed felony grand theft (Pen. Code,[1] § 487, subd. (a)), exhibited a deadly weapon, a knife (§ 417, subd. (a)(1)), and committed felony

---

[1] All statutory references are to the Penal Code unless otherwise noted.

1

assault (§ 245, subd. (a)(1)). In September 2010, the petition was dismissed on condition that the minor return to South Carolina.

In January 2012, the minor returned to California. On April 26, 2012, a "reopened" wardship petition was filed alleging that the minor committed robbery (§ 211), used force against a peace officer engaged in the performance of his duties (§ 243, subd. (b)), and resisted arrest (§ 148, subd. (a)). The following evidence was presented at the contested jurisdictional hearing:

About midnight on April 24, 2012, the victim was on her way home from work. She had a backpack on her back with both straps over her shoulders. As she waited for a street light to change, the minor approached and grabbed her arm, and asked her in an "angry" tone of voice, "Do you want to be my friend." The victim pulled away from his grasp and said, "leave me alone." She "was afraid."

As the victim started to walk away, the minor followed her. The victim felt "[a] lot" of force when the minor pulled on her bag. One of the straps on the backpack broke when the minor pulled it from the victim. The victim tried to hold onto the broken strap, but the minor pulled it away. The victim explained that she "tried to hold on to it" but she could not "get a grip on the strap" because the minor was "very fast." Her finger was scratched when the strap "went through her hand."

After the minor ran away with her backpack, the victim called the police. The minor did not present any evidence in his defense.

At the conclusion of the hearing, the minor's counsel moved to dismiss the robbery charge on the ground that the element of force had not been proven beyond a reasonable doubt and that the evidence was sufficient only to support a finding of grand theft. The court denied the motion and sustained the petition on all three counts.

At the disposition hearing, the juvenile court dismissed all but the robbery charge, declared the minor a ward, and found his maximum term of confinement to be five years, four months. The court placed the minor on probation subject to various conditions and ordered the case transferred to South Carolina.

The minor filed timely notice of appeal.

2

**Discussion**

1. *Substantial evidence supports the court's robbery finding.*

The minor contends that the robbery conviction must be reversed because there is no evidence he "took the backpack with the level of force necessary to support a finding of felony robbery." We disagree.

In *People v. Burns* (2009) 172 Cal.App.4th 1251, 1257, the court recognized that while there exists "some generalized impression that a purse snatch—grabbing a purse (or similar object) from a person—is grand theft and nothing more," where "a person wrests away personal property from another person, who resists the effort to do so, the crime is robbery, not merely theft." The court explained that the force necessary to establish a robbery " 'must be a quantum more than that which is needed merely to take the property from the person of the victim, and is a question of fact to be resolved by the [trier of fact] taking into account the physical characteristics of the robber and the victim.' [Citation.] An accepted articulation of the rule is that '[a]ll the force that is required to make the offense a robbery is such force as is actually sufficient to overcome the victim's resistance.' " (*Id*. at p. 1259.) In this case, the minor grabbed the backpack from the victim with such force that she fell to the ground and one of the straps broke. The victim testified that she was unable to hang on to the strap and that her finger was scratched in the struggle. This evidence is sufficient to support the robbery finding. (See *id.* at p. 1259 [evidence that defendant grabbed the victim's purse and stepped on the victim's toe to overcome her resistance was sufficient to support robbery conviction]; *People v. Roberts* (1976) 57 Cal.App.3d 782, 787 ["Certainly, the evidence that the purse was grabbed with such force that the handle broke supports the jury's implied finding that such force existed"], disapproved on another ground in *People v. Rollo* (1977) 20 Cal.3d 109, 120, fn. 4.)

2. *The probation conditions should be modified to conform to the juvenile court's oral pronouncement.*

The court's dispositional order, as reflected in the clerk's transcript, imposes various conditions of probation. The minor contends that several of these conditions as

they appear in the clerk's transcript are unconstitutionally broad and vague, and moreover are inconsistent with the conditions that the court orally imposed at the hearing. The Attorney General agrees that the challenged conditions should be modified to reflect the court's oral pronouncement. (See *People v. Zackery* (2007) 147 Cal.App.4th 380, 388 ["clerk's minutes must accurately reflect what occurred at the [sentencing] hearing"]; *People v. Mitchell* (2001) 26 Cal.4th 181, 185 [where a minute order or abstract of judgment differs from the court's oral pronouncements, the oral pronouncements control and error may be corrected by the appellate court].)

The parties agree that the challenged conditions should be modified as follows:

The probation condition that presently states, "Do not frequent any campus other than the school of enrollment, comply with school conditions" should be modified to state, "Attend school regularly, obey school rules and regulations. Do not leave the school campus during school hours without the permission of school officials or probation."

The probation condition that presently states, "Do not associate with anyone who uses or possesses dangerous nor deadly weapons nor explosive devices nor remain in any vehicle where such weapons are present" should be modified to state, "Do not own, use or possess any deadly or dangerous weapons. This includes guns, knives, ammunition, explosives, chemicals that can produce explosives, [or] any other tool or instrument designed to be used as a weapon or that you intend to use as a weapon."

The probation condition that presently states, "Do not associate with anyone you know to use, deal or possess illegal drugs" should be modified to state, "Do not associate with any individual who you know, or reasonably should know, to use, possess or attempt to sell illegal drugs."

The minor asserts no constitutional infirmity with the conditions as corrected.

4

## Disposition

The jurisdictional order is affirmed. The dispositional order shall be modified as set forth above and is otherwise affirmed.

_____
Pollak, J.

We concur:

_____
McGuiness, P. J.

_____
Jenkins, J.