Filed 2/25/16  P. v. Zamacona CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for
publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication
or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C076624 |
| v. | (Super. Ct. No. SF125939A) |
| JESUS ZAMACONA, | |
| Defendant and Appellant. | |

Defendant Jesus Zamacona robbed Bernardino Pablo and his domestic partner, Marilyn Rivera, at a check cashing business in Stockton, striking Pablo in the face and head with a replica version of a semi-automatic handgun in the process.  Defendant was convicted by jury of two counts of second degree robbery and one count of assault with a deadly weapon.  With respect to the latter count and one of the robbery counts, the jury found defendant personally inflicted great bodily injury upon the victim.  The trial court sentenced him to serve an aggregate determinate term of nine years in state prison and imposed other orders.

1

On appeal, defendant contends: (1) the trial court prejudicially erred and violated his constitutional right to due process by failing to instruct the jury on theft as a lesser included offense to one of the robbery counts; (2) the trial court prejudicially erred and also violated defendant's constitutional rights by including a bracketed portion of CALCRIM No. 1600, which provided a definition of "fear" as used in the robbery statute; (3) defendant is entitled to an additional day of presentence custody credit; and (4) the abstract of judgment must be corrected.

We affirm the judgment. As we explain, the evidence did not warrant instruction on theft as a lesser included offense to either robbery count. Because defendant did not object to the portion of CALCRIM No. 1600 now challenged on appeal, he has forfeited this claim of error unless the error affected his substantial rights, i.e., resulted in a miscarriage of justice. (*People v. Anderson* (2007) 152 Cal.App.4th 919, 927.) The challenged portion of the instruction provided an accurate statement of the law and was supported by the evidence. Thus, there was no error, much less a miscarriage of justice. We also conclude defendant is not entitled to an additional day of presentence custody credit. We do, however, agree the abstract of judgment must be corrected and order the correction.

FACTS

In October 2013, Rivera and Pablo entered a check cashing business in Stockton at about 9:00 p.m. They planned to send $100 to family members in the Philippines by way of money transfer. Rivera walked up to the cashier to negotiate the transaction. Pablo remained near the door holding five $20 bills. When the cashier told Rivera the total amount needed to complete the transaction, she walked back towards Pablo to get the cash and used her cell phone to check the balance in her bank account so she could use her bank card to pay the transaction fee.

2

When Rivera was about six feet from Pablo, defendant and another man ran into the business and approached Pablo quickly from behind. Defendant used a replica version of a nine-millimeter semi-automatic handgun to hit Pablo in the head, and then again in the face, while the other man took the cash from his hands. Rivera closed the gap between herself and Pablo's attackers and said: "Hey, what are you doing?" Defendant then reached into her purse, which she had open at her side, and took her makeup bag before he and the other man ran out of the business. Pablo, disoriented and bleeding profusely from his head, called out for someone to call an ambulance. Apparently, someone made the call. When emergency responders arrived a short time later, Pablo was transported to a local hospital and treated for his injuries that required stitches and left scars visible at the time of trial.

Meanwhile, defendant and the other man ran through the parking lot outside the check cashing business, arousing the suspicion of Carlos Hernandez-Orrego, who was in the parking lot waiting to pick up a pizza from the Little Caesars in the same shopping plaza. At the back of the parking lot, defendant and the other man ran in opposite directions. Hernandez-Orrego got into his car and followed defendant, who ran to a house a few blocks away and went inside. Hernandez-Orrego then drove back to the check cashing business to find out what happened there. When police arrived, he led officers to the house defendant went into minutes before. Defendant was taken into custody in the basement, where officers also recovered the replica handgun. Both Hernandez-Orrego and Rivera positively identified defendant in an in-field show-up before defendant was transported to the police station. They also identified defendant at trial, as did Pablo.

Later in the night, an officer observed defendant exercising in his holding cell. When the officer asked what he was doing, defendant said he "wanted to be in shape because he knew he was going to prison."

3

DISCUSSION

I

*Denial of Defendant's Request to Instruct on Theft as a Lesser Included Offense*

Defendant claims the trial court prejudicially erred and violated his constitutional right to due process by failing to instruct the jury on theft as a lesser included offense to the robbery committed against Rivera (Count Three).  We disagree.

Robbery is defined as "the felonious taking of personal property in the possession of another, from his [or her] person or immediate presence, and against his [or her] will, accomplished by means of force or fear."  (Pen. Code, § 211.)[1]  Larceny, requiring "the taking of another's property, with the intent to steal and carry it away" (*People v. Gomez* (2008) 43 Cal.4th 249, 254-255), is a lesser included offense to robbery.  (*People v. Burns* (2009) 172 Cal.App.4th 1251, 1256.)  "To elevate larceny to robbery, the taking must be accomplished by force or fear and the property must be taken from the victim or in his [or her] presence."  (*People v. Gomez*, *supra*, 43 Cal.4th at p. 254.)  Thus, "[i]n robbery, the elements of larceny are intertwined with the aggravating elements to make up the more serious offense."  (*Ibid*.)

"The trial court must instruct on general legal principles closely related to the case. This duty extends to necessarily included offenses when the evidence raises a question as to whether all the elements of the charged offense are present.  [Citation.]"  (*People v. DePriest* (2007) 42 Cal.4th 1, 50.)  However, " 'the existence of "*any* evidence, no matter how weak," will not justify instructions on a lesser included offense.'  [Citation.]  Such instructions are required only where there is 'substantial evidence' from which a rational jury could conclude that the defendant committed the lesser offense, and that he [or she] is not guilty of the greater offense.  [Citations.]"  (*Ibid*.)

---

[1]     Undesignated statutory references are to the Penal Code.

Relying primarily on *People v. Morales* (1975) 49 Cal.App.3d 134, a purse-snatching case in which the Court of Appeal held the trial court prejudicially erred in failing to instruct the jury on theft as a lesser included offense to robbery where "the evidence . . . left sufficiently open the question of whether the element of force was present" (*id.* at p. 140), defendant argues there was substantial evidence justifying an instruction on theft as a lesser included offense to the robbery committed against Rivera because he merely reached into her open purse and removed the makeup bag. Defendant also distinguishes this case from *People v. Burns*, *supra*, 172 Cal.App.4th 1251, another purse-snatching case in which the Court of Appeal held a theft instruction was not supported by substantial evidence because undisputed evidence established the defendant grabbed the victim's purse and used his strength, in addition to stepping on her foot, in order to overcome her resistance. (*Id.* at p. 1259.) Explaining the force required to elevate a theft to a robbery, the court stated: " '[*W*]*hen actual force is present* in a robbery, at the very least it must be a quantum more than that which is needed merely to take the property from the person of the victim, and is a question of fact to be resolved by the jury taking into account the physical characteristics of the robber and the victim.' [Citation.] An accepted articulation of the rule is that '[a]ll the force that is required to make the offense a robbery is such force as is actually sufficient to overcome the victim's resistance. . . .' [Citations.]" (*Ibid.*, italics added.) Here, defendant argues, he did not use any more force than needed to remove the makeup bag from Rivera's purse.

Defendant's argument does not take into account the fact a theft from a person is elevated to robbery where it is accomplished by *either* force *or fear*. (See § 211; see also *People v. James* (1963) 218 Cal.App.2d 166, 170 ["not necessary that a robbery be accomplished by means of both force and fear"].) Here, defendant and another man ran into the check cashing business and defendant viciously assaulted Pablo with a replica

5

handgun while the other man took his money. Defendant does not dispute this taking was accomplished by means of force. Nor does he dispute Rivera, Pablo's domestic partner, was merely a few feet away when the first robbery occurred. Rivera testified she was afraid. Mere seconds after hitting Pablo in the head and face with the replica handgun, causing blood to flow down his face, defendant reached into Rivera's purse and took the makeup bag. Not only could a jury reasonably infer the fear defendant instilled in Rivera by virtue of his assault on Pablo overcame her will to resist the taking of the makeup bag, but no reasonable jury could conclude otherwise. We therefore conclude defendant was not entitled to theft instructions.

Nevertheless, defendant argues the foregoing undisputed evidence that the taking of the makeup bag was accomplished by fear should not have deprived the jury of the opportunity to decide whether the taking was theft because "the first amended complaint here alleged 'force <u>and</u> fear' as to the Count 3 robbery." While the pleadings are relevant in determining whether an uncharged crime is included in a greater charged offense (see *People v. Wolcott* (1983) 34 Cal.3d 92, 98 [uncharged crime is included in greater charged crime if *either* the greater offense as defined by the statute cannot be committed without also committing the lesser *or* the language of the accusatory pleading encompasses all the elements of the lesser offense]), we must look solely to the evidence adduced at trial to determine whether the trial court had an obligation to instruct the jury on that lesser included offense. (See *People v. DePriest*, *supra*, 42 Cal.4th at p. 50 [lesser included instructions required "only where there is 'substantial evidence' from which a rational jury could conclude that the defendant committed the lesser offense, and that he [or she] is not guilty of the greater offense"].) Here, there is no question as to whether theft is a lesser included offense to robbery. It is. The question is whether "there is 'substantial evidence' from which a rational jury could conclude . . . defendant committed [theft], *and that he* [*or she*] *is not guilty of* [*robbery*]." (*Ibid*., italics added.)

6

Defendant undoubtedly committed theft, but because there is undisputed evidence the property was taken from Rivera's person and the taking was accomplished by means of fear, he also committed robbery. Accordingly, the trial court had no duty to provide the jury with theft instructions.

Defendant asserts this conclusion is "illogical" because "it is likely that any victim of a robbery experiences some fear," and therefore, "a trial court would never have a duty to instruct on theft as a lesser included offense of robbery—even where there is no evidence of additional force used—merely because the circumstances could support an inference that the victim was afraid. If this rationale were adopted, then the rule requiring instruction on theft as a lesser included offense of robbery would essentially be eliminated by the 'fear' exception to the rule." Not so. Properly understood, fear is not an "exception" to the rule requiring instruction on theft as a lesser included offense to robbery. Instead, fear (along with force) is part of one of the aggravating elements elevating a theft to a robbery. If the theft is (1) "accomplished by *force or fear*," and (2) "the property [is] taken from the victim or in his [or her] presence," the crime is robbery. (*People v. Gomez, supra,* 43 Cal.4th at p. 254, italics added.) Thus, where there is unchallenged evidence the property was taken from the victim by means of either force or fear, there is no substantial evidence the crime was a theft but not a robbery and there would be no obligation to instruct on theft. At the same time, where there is evidence supporting an inference such a theft was accomplished by means of force or fear, but also evidence supporting an inference neither force nor fear was used to take the property, then there would be an obligation to instruct on theft. The purse-snatching situation is a good example. Where the thief stealthily snatches a purse such that there is a question as to whether more force was used than necessary to take the purse and also a question as to whether the victim released the purse because of fear rather than simply being taken off guard, theft instructions would be appropriate. Here, however, while we agree there is a

question as to whether more force was used than necessary to take the makeup bag, there is no question as to whether fear was used to accomplish the taking. The crime was robbery.

## II

### *Inclusion of the Bracketed Definition of "Fear" in the Robbery Instruction*

Defendant also contends the trial court prejudicially erred and violated his constitutional rights by including a bracketed portion of CALCRIM No. 1600, which provided a definition of "fear" as used in the robbery statute. Defendant did not object to this portion of the instruction at trial. "Failure to object to instructional error forfeits the issue on appeal unless the error affects defendant's substantial rights. [Citations.] The question is whether the error resulted in a miscarriage of justice under *People v. Watson* (1956) 46 Cal.2d 818, 299 P.2d 243. [Citation.]" (*People v. Anderson, supra,* 152 Cal.App.4th at p. 927.) We conclude there was no error, much less a miscarriage of justice.

After setting forth the elements of robbery, CALCRIM No. 1600[2] contains several optional bracketed paragraphs defining various terms, including "fear," which is the

---

[2]      As given to the jury in this case, CALCRIM No. 1600 provides in full: "The defendant is charged in Counts One and Three with robbery, in violation of . . . section 211. To prove the defendant is guilty of this crime, the People must prove the defendant took property that was not his own; the property was in the possession of another person; the property was taken from the other person in his or her immediate presence; the property was taken against that person's will; the defendant used force or fear to take the property or to prevent the person from resisting; and when the defendant used force or fear to take the property, he intended to deprive the owner of it permanently. [¶] The defendant's intent to take the property must have been formed before or during the time he used force or fear. If the defendant did not form this required intent until after using the force or fear, then he did not commit robbery. [¶] If you find the defendant guilty of robbery, it is robbery of the second degree. A person takes something when he or she gains possession of it and moves it some distance. The distance moved may be short. [¶] The property taken can be of any value, however slight. Two or more people may possess something at the same time. A person does not have to actually hold or touch

8

portion of the instruction challenged on appeal. This paragraph, as given to the jury in this case, provides: "Fear, as used here, means fear of injury to the person himself or herself or injury to that person's family or property or immediate injury to someone else present during the incident or to that person's property."

Defendant does not claim this definition is an incorrect statement of the law. Nor could he. The definition is taken nearly verbatim from section 212, which provides: "The fear mentioned in Section 211 may be either: [¶] 1. The fear of an unlawful injury to the person or property of the person robbed, or of any relative of his [or hers] or member of his [or her] family; or, [¶] 2. The fear of an immediate and unlawful injury to the person or property of anyone in the company of the person robbed at the time of the robbery." Instead, after noting there is no sua sponte duty to provide the jury with a definition of fear (see *People v. Anderson* (1966) 64 Cal.2d 633, 640), defendant argues providing such a definition in this case, in a single instruction applicable to two counts, was error because the victims of each count were domestic partners and therefore the challenged definition "operated to improperly allow the jury to mix-and-match between Pablo's and Rivera's fear, thereby reducing the prosecution's burden to prove every element of each robbery." We disagree.

The instruction clearly informed the jury it applied to two counts, Counts One and Three. Count One was the robbery committed against Pablo. Count Three was the

---

something to possess it. It is enough if the person has control over it or the right to control it, either personally or through another person. [¶] Fear, as used here, means fear of injury to the person himself or herself or injury to that person's family or property or immediate injury to someone else present during the incident or to that person's property. [¶] Property is within a person's immediate presence if it is sufficiently within his or her physical control that he or she could keep possession of it, if not prevented by force or fear. [¶] An act is done against a person's will if that person does not consent to the act. In order to consent, a person must act freely and voluntarily and know the nature of the act."

9

robbery committed against Rivera. The portion of the instruction to which the definition of "fear" applied stated: "The People must prove . . . *the defendant used* force or *fear* to take the property or *to prevent the person from resisting*." (Italics added.) The person referred to is the person robbed. In Count One, this person was Pablo. In Count Three, this person was Rivera. Thus, with respect to Count One, a reasonable juror would have understood "fear of injury to *the person himself or herself* or injury to *that person's* family or property" to mean Pablo's fear of injury to himself or to his family or property, and "immediate injury to *someone else* present during the incident or to *that person's* property" to mean injury to someone other than Pablo who was present during the incident, e.g., Rivera, or to that other person's property. (Italics added.) Similarly, with respect to Count Three, a reasonable juror would have understood "fear of injury to *the person himself or herself* or injury to *that person's* family or property" to mean Rivera's fear of injury to herself or to her family or property, and "immediate injury to *someone else* present during the incident or to *that person's* property" to mean injury to someone other than Rivera who was present during the incident, e.g., Pablo, or to that other person's property. (Italics added.) No reasonable juror would have misread the instruction to allow Rivera's fear to support the Count One robbery or Pablo's fear to support the Count Three robbery. There simply is no reason to believe the jury was misled by the instruction as defendant suggests.

Defendant also claims "the concept of 'fear of injury to third parties' such as injury to family members, was inapplicable." Not so. With respect to Count Three, Rivera testified she was afraid. She did not specifically state whether she was afraid for herself or for Pablo, but given the fact defendant had just pistol-whipped Pablo in front of her, a reasonable inference arises that she was afraid of injury to herself and further injury to Pablo. Either way, "fear" within the meaning of section 212 would have existed. It was not error to so instruct the jury.

10

Because the challenged definition of "fear" provided the jury with an accurate statement of the law, which was neither misleading nor inapplicable to the case, the trial court did not err in providing the jury with this definition.

## III

### *Presentence Custody Credit*

Defendant further asserts he is entitled to an additional day of presentence custody credit, arguing the probation report incorrectly states he was arrested on November 1, 2013, the morning after the robberies, when he was actually arrested the night before. While we agree defendant was arrested on October 31, 2013, this does not mean he is entitled to an additional day of custody credit.

As defendant correctly observes, "at the time of the probation and sentence hearing, a defendant is entitled to credit for time served in a county jail prior to sentencing." (*In re Carr* (1998) 65 Cal.App.4th 1525, 1528.) Section 2900.5 provides in relevant part: "In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, including, but not limited to, any time spent in a jail, . . . all days of custody of the defendant, including days . . . credited to the period of confinement pursuant to Section 4019, . . . shall be credited upon his or her term of imprisonment . . . ." (§ 2900.5, subd. (a).) Section 4019 provides an opportunity to earn "conduct credit" against the term of imprisonment for good behavior while in custody. (See *People v. Brown* (2012) 54 Cal.4th 314, 317.) As relevant here, the section applies "[w]hen a prisoner is confined in or committed to a county jail, . . . including all days of custody from the date of arrest to the date on which the serving of the sentence commences . . . ." (§ 4019, subd. (a).)

Defendant does not challenge the calculation of conduct credit under section 4019, but instead claims entitlement to an additional day of credit for presentence custody under section 2900.5. He begins the credit clock at the time of his arrest. However, for

purposes of section 2900.5, "custody" begins when a defendant is "processed into a jail or similar custodial situation as described in section 2900.5, subdivision (a)." (*People v. Ravaux* (2006) 142 Cal.App.4th 914, 919.)  Here, while the record supports defendant's assertion he was arrested the night of October 31, 2013, the record does not reveal when he was booked into jail, except for the probation report's notation that he was arrested on November 1, 2013.  Immediately thereafter, the probation report indicates defendant had spent 208 days in custody.  From this, we conclude it is reasonable to infer November 1, 2013, was actually the date defendant was booked into the jail.  On appeal, defendant bears the burden of demonstrating otherwise (see, e.g., *People v. Nitschmann* (1995) 35 Cal.App.4th 677, 684); as he has failed to carry this burden, we must conclude he was properly awarded 208 days of presentence custody credit.

## IV

### *Correction of the Abstract of Judgment*

We do agree the abstract of judgment must be corrected to conform to the oral pronouncement of judgment.  The trial court sentenced defendant to serve a five-year upper term for the first robbery conviction (Count One), plus a consecutive three-year term for the great bodily injury enhancement attached to that count, plus a consecutive one-year term (one-third the middle term) for the second robbery conviction (Count Three).  For whatever reason, the abstract of judgment reflects an eight-year aggregate sentence (five years for Count One, plus one year for Count Three, plus two one-year terms for great bodily injury enhancements attached to Counts One and Two).  We order the abstract of judgment corrected to conform to the sentence actually imposed.

### DISPOSITION

The judgment is affirmed.  The trial court is directed to prepare a corrected abstract of judgment accurately reflecting the sentence imposed by the trial court, specifically, a five-year upper term for the first robbery conviction (Count One), plus a

12

consecutive three-year term for the great bodily injury enhancement attached to that count, plus a consecutive one-year term (one-third the middle term) for the second robbery conviction (Count Three). The trial court is further directed to forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.

/s/
HOCH, J.

We concur:

/s/
HULL, Acting P. J.

/s/
BUTZ, J.

13