[No. C023203. Third Dist. Jan. 14, 1997.]

THE PEOPLE, Plaintiff and Respondent, v.
CHRISTOPHER BLAIR HUGGINS, Defendant and Appellant.

**COUNSEL**

S. Alexandria Jo, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, and Michael J. Weinberger, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**SIMS, Acting P. J.**—Following the denial of his motion for judgment of acquittal at the close of the prosecution's case (Pen. Code, § 1118.1),[1] defendant Christopher Blair Huggins was convicted by jury of grand theft from the person. (§ 487, subd. (c).)

Sentenced to state prison, defendant appeals, contending his motion for acquittal should have been granted. We shall affirm the judgment.

## FACTS

The relevant prosecution evidence showed the following.

On May 16, 1995, Caroline Castellanos went to Cali Nails Salon in Stockton to get a fingernail repaired.

She sat down in a chair and put her purse on the floor. She put her foot against the purse to make sure she knew where it was. The purse was in contact with her foot the entire time.

Defendant came running toward her, grabbed the purse, and ran out the door.

## DISCUSSION

■ The standard applied by a trial court in ruling upon a motion for judgment of acquittal pursuant to section 1118.1 is the same as the standard applied by an appellate court in reviewing the sufficiency of the evidence to support a conviction, that is, whether from the evidence including all reasonable inferences to be drawn therefrom, there is any substantial evidence of the existence of each element of the offense charged. (*People v. Crittenden* (1994) 9 Cal.4th 83, 139, fn. 13 [36 Cal.Rptr.2d 474, 885 P.2d 887]; *People v. Ainsworth* (1988) 45 Cal.3d 984, 1022 [248 Cal.Rptr. 568, 755 P.2d 1017].)

Section 487 provides in pertinent part: "Grand theft is theft committed in any of the following cases: [¶] . . . [¶] (c) When the property is taken from the person of another."

■ Defendant first contends that if the statute is given its plain meaning, the evidence was insufficient. Thus, in his brief, defendant asserts "that the

---

[1] Further undesignated statutory references are to the Penal Code.

conviction of grand theft requires that the property be taken from the person, not from the floor." However, this argument simply overlooks the crucial fact that the purse was at all times in contact with the victim's foot. Moreover, the victim's purpose in placing the purse against her foot was to retain dominion and control over the purse, i.e., so she could know where the purse was at all times. These facts are sufficient to show that the purse was taken "from the person" of the victim.

Defendant also argues his conviction is precluded by *People* v. *McElroy* (1897) 116 Cal. 583 [48 P. 718]. There, "Shaw and the defendant had their beds together in the open air. Shaw on going to bed removed his trousers, in the pocket of which was . . . money, and placed them under his head as a pillow; while he slept they were abstracted by the defendant and the money taken." (*Id.* at p. 584.) Defendant was convicted of grand theft from the person. (*Ibid.*)

In concluding the evidence was insufficient to sustain a conviction, our Supreme Court discussed various out-of-state authorities that had held that the theft of property in the mere presence of the victim, but which was not in fact touching the victim, could not constitute grand theft from the person. (*People* v. *McElroy, supra,* 116 Cal. at p. 585.) The court then said: "In view of these authorities and the origin of the statute, we think its obvious purpose was to protect persons and property against the approach of the pick-pocket, the purse-snatcher, the jewel abstracter, and other thieves of like character who obtain property by similar means of stealth or fraud, and that it was in contemplation that the property shall at the time be in some way actually upon or attached to the person, or carried or held in actual physical possession—such as clothing, apparel, or ornaments, or things contained therein, or attached thereto, or property held or carried in the hands, or by other means, upon the person; that it was not intended to include property removed from the person and laid aside, however immediately it may be retained in the presence or constructive control or possession of the owner while so laid away from his person and out of his hands." (*Id.* at p. 586.)

The court continued, "Within this rule we are of opinion that the facts did not constitute grand larceny within the statute. The garment from which the money was taken was not at the time on the person of Shaw; it was folded up and used as a part of his bed. Had the garment alone been taken under like circumstances the theft could not be held to have been from the person. A man does not wear his bed as he does his clothes. The money was no more on his person in any proper sense than if it had been concealed under his bed or elsewhere about it, or left in his clothes upon a chair or hanging on the wall." (*People* v. *McElroy, supra,* 116 Cal. at pp. 586-587.)

Here, the victim's purse had not been laid aside in the sense that the victim's pants had been laid aside in *McElroy*. There the pants had been folded up and used as part of a bed. Here, by contrast, and as we have noted, the victim at all times maintained contact with her purse for the purpose of maintaining dominion and control over it. Here, therefore, the purse was actually attached to her person within the meaning of the rule in *McElroy*. Indeed, as *McElroy* says, the obvious purpose of the statute is to guard against "the purse-snatcher." (*People* v. *McElroy*, *supra*, 116 Cal. at p. 586.) It would be anomalous to hold that the statute applied had the purse been touching the victim's hand but not her foot. We therefore conclude the facts in *McElroy* are distinguishable from those in this case and that, here, defendant's conviction is sustainable by application of the rule announced in *McElroy*.

Defendant also relies on *People* v. *Williams* (1992) 9 Cal.App.4th 1465 [12 Cal.Rptr.2d 243] where the court held the evidence insufficient to sustain a conviction for grand theft from the person where the defendant stole a purse that was placed on the passenger seat of the vehicle by the owner. The case is distinguishable because there the victim was not maintaining immediate possession and control of the purse by physical contact with her person.

The parties also cite our case *In re George B.* (1991) 228 Cal.App.3d 1088 [279 Cal.Rptr. 388] where we held the evidence sufficient to sustain a conviction for grand theft from the person where a grocery bag was taken from a shopping cart as the victim was pushing the cart. Suffice it to say that if a conviction in such circumstances may be held to be grand theft from the person, then the instant case presents an even clearer case of criminal liability under the statute.

For the foregoing reasons, we conclude the prosecution's evidence was sufficient to sustain a conviction for grand theft from the person and the trial court properly denied defendant's motion for acquittal.

DISPOSITION

The judgment is affirmed.

Scotland, J., and Nicholson, J., concurred.