[No. B205324. Second Dist., Div. Four. Apr. 8, 2009.]

THE PEOPLE, Plaintiff and Respondent, v.
SAMUEL ALEXANDER BURNS, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts II and III of the Discussion.

**COUNSEL**

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Edmund G. Brown, Jr., Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Linda C. Johnson and Robert David Breton, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**EPSTEIN, P. J.**—In the published part of this opinion, we discuss appellant's claim that the trial court erred in not instructing the jury on grand theft from the person (Pen. Code, § 487, subd. (c)), as a lesser included offense of robbery (Pen. Code, §§ 211, 212.5, subd. (c)), the crime charged. We find no error because the "purse snatch" in this case, if it occurred at all, was a robbery and there is no substantial evidence that it was anything less. In the nonpublished portions of this opinion we reject claims that the trial court failed to give an appropriate witness/accomplice instruction, and that imposition of the upper term violated principles announced in *Cunningham v. California* (2007) 549 U.S. 270 [166 L.Ed.2d 856, 127 S.Ct. 856], and other cases. We shall affirm the judgment of conviction.

### FACTUAL AND PROCEDURAL SUMMARY

Samuel Alexander Burns, the appellant, was convicted of second degree (nonresidential) robbery, and prior convictions charged as enhancements were found true. The evidence came chiefly from testimony of the victim and appellant's cousin, and from police officers who obtained statements from these witnesses. In the summary that follows, we apply the standard for appellate review: the record as a whole is reviewed in the light most favorable to the judgment, and the existence of every fact the trier could reasonably deduce from the evidence is presumed. (See *People v. Prince* (2007) 40 Cal.4th 1179, 1251 [57 Cal.Rptr.3d 543, 156 P.3d 1015], and cases cited.)

The victim is Dora Hollowell. On a day in mid-July 2006, she was shopping at a market near her home. She was carrying a small pouch which held a small purse. (We follow the usage of the parties and refer to the item as a purse.) The purse was attached to a strap, which Ms. Hollowell held. She planned to pay for her purchases by using an ATM card, and she went to an ATM near the checkout register. She withdrew $70, which she placed in a pocket. While standing in line, she noticed a woman and a man who seemed to be together. They were talking and watching her as she withdrew money from the machine. The woman was so close that "you could almost feel breathing down your back." The woman later was identified as Carnethia Adams, appellant's cousin. The man was appellant.

After completing her business at the market, Ms. Hollowell exited the store and walked into the adjacent parking lot, where she met two friends. Ms. Adams walked up behind Ms. Hollowell, who tried to prolong the

conversation with her friends, hoping that Ms. Adams would go away. But she did not, and eventually the friends left to enter the store. Ms. Adams proceeded to follow Ms. Hollowell, walking directly behind her. Ms. Adams asked Ms. Hollowell if she wanted to buy crack; Ms. Hollowell said no. Ms. Adams then asked where she was going, and when Ms. Hollowell said she was going home, Ms. Adams said she was going that way and would walk with her. Ms. Hollowell said she did not need anyone to walk with her. She kept walking, and Ms. Adams and appellant walked behind her. Feeling apprehensive about passing an alley where she could be accosted, Ms. Hollowell crossed the street, heading to an apartment building where a friend resided. She called out to the friend, saying that she was on the way up. She walked slowly and with effort because she was wearing surgical boots.

Reaching the apartment building, Ms. Hollowell entered the doors facing the street and called again for her friend, hoping that Ms. Adams and appellant would leave if they thought someone was coming down. Ms. Hollowell started to climb a staircase and had reached the fourth step when appellant entered the building and grabbed her purse. The purse was on Ms. Hollowell's elbow and he "grabbed it down." She tried to clutch the purse, but appellant stepped on her toe and grabbed the purse. Ms. Hollowell was unable to hold onto it any longer. Appellant pulled the purse down and forcibly took it away from Ms. Hollowell's grip, then ran out the door with the purse. Ms. Hollowell saw him as he ran off and yelled that "he was going to pay for what he did."

Ms. Hollowell called 911, police responded, and both appellant and Ms. Adams were apprehended some time later. Ms. Hollowell identified appellant as the person who forcibly seized and carried off the purse she was holding. She was "100 percent" certain of her identification.

Both appellant and Ms. Adams initially were charged with robbery and conspiracy to commit robbery. Ms. Adams pled guilty to robbery and testified at appellant's trial shortly after her release from custody. She testified about being with appellant at the market where they spotted Ms. Hollowell receiving money from an ATM. She asked Ms. Hollowell if she knew anyone who wanted to buy some weed. She also testified that appellant told her that he had "robbed that lady," saying that he had taken her purse.

The case proceeded to trial against appellant, resulting in a mistrial when the jury was unable to reach a unanimous verdict. The case was retried, on the robbery count only, resulting in a verdict of guilty of that crime. Appellant waived his right to jury trial on the prior conviction allegations,

which were found true at a bench trial. Probation was denied and defendant was sentenced to five years in state prison. He filed a timely notice of appeal.

## DISCUSSION

### I

■ Appellant argues that the trial court was required to instruct the jury on grand theft from the person as a lesser included offense to robbery, the crime charged. Theft in any degree is a lesser included offense to robbery, since all of its elements are included in robbery. The difference is that robbery includes the added element of force or fear. (*People v. Ortega* (1998) 19 Cal.4th 686, 694 [80 Cal.Rptr.2d 489, 968 P.2d 48].)    ■ It also is settled law that, as a general proposition, the trial court is required to instruct on all lesser included crimes (*People v. Barton* (1995) 12 Cal.4th 186, 195 [47 Cal.Rptr.2d 569, 906 P.2d 531]), and this is true even though the defendant asks that the lesser offense instructions not be given (*People v. Breverman* (1998) 19 Cal.4th 142, 153 [77 Cal.Rptr.2d 870, 960 P.2d 1094]).

But there is a major qualification to this requirement: the lesser included offense instruction should be given only where there is substantial evidence to support it. (*People v. DePriest* (2007) 42 Cal.4th 1, 50 [63 Cal.Rptr.3d 896, 163 P.3d 896].)

Before reaching the application of that requirement, we briefly discuss respondent's contention that any error in not giving the instruction was forfeited because appellant's attorney not only did not ask for the instruction but, after a chambers meeting between counsel and the court, pronounced himself satisfied with the instructions the court proposed to give, which did not include an instruction on a lesser included offense. Respondent argues, and we agree, that defense counsel had good reason to reject a lesser included offense instruction: the defense was mistaken identity, and that was the focus of counsel's opening statement to the jury as well as his closing argument. From this respondent argues that omission of the instruction was based on a deliberate, tactical request from defense counsel that it not be given. As such, respondent argues, it was invited error, which is not a basis for reversal. (*People v. Bunyard* (1988) 45 Cal.3d 1189, 1234 [249 Cal.Rptr. 71, 756 P.2d 795].)

We do not agree that initial error is established. While defense counsel might indeed have asked that the instruction not be given, the record does not

show that he did, and we are not prepared to embellish the record by inferring an express request.

We proceed to the merits of appellant's argument that the grand theft instruction should have been given because the force used was only that necessary to seize the purse. Appellant points out that, unlike in other cases he cites, the seizure in this case did not involve shoving, striking or pulling with such force as to break the purse strap. (See *People v. Wright* (1996) 52 Cal.App.4th 203, 210 [59 Cal.Rptr.2d 316]; *People v. Mungia* (1991) 234 Cal.App.3d 1703, 1709 [286 Cal.Rptr. 394]; *People v. Morales* (1975) 49 Cal.App.3d 134, 139 [122 Cal.Rptr. 157].) He points out that Ms. Hollowell testified that she let go of the purse because she "couldn't hold it any longer" and, based on her testimony, "the jury, properly instructed on both theft and robbery, could readily have concluded that appellant did not use more force than that necessary to take the purse from Ms. Hollowell, and thus he committed theft, not robbery."

■ We do not agree. We hold, instead, that where a person wrests away personal property from another person, who resists the effort to do so, the crime is robbery, not merely theft.

There may be some generalized impression that a purse snatch—grabbing a purse (or similar object) from a person—is grand theft and nothing more. Thus, it has been said that the purpose of Penal Code section 487 is to "guard against 'the purse-snatcher.' " (*People v. Huggins* (1997) 51 Cal.App.4th 1654, 1658 [60 Cal.Rptr.2d 177].)[1] And a 1972 American Law Reports annotation on the subject concludes that most of the state courts that have considered the issue have said that purse snatching is not robbery, although the weight of authority is otherwise where the force used is sufficient. (Annot., Purse Snatching as Robbery or Theft (1972) 42 A.L.R.3d 1381, 1383, 1385, in which few cases are cited, none of them from California.)

We have found no California case holding that a purse snatch cannot qualify as a robbery. As we shall explain, whether it does depends on the force used.[2]

---

[1] The *Huggins* case cites *People v. McElroy* (1897) 116 Cal. 583, 586 [48 P. 718] for this proposition. The issue in *McElroy* was whether property was taken "from the person" where the item taken was a pair of trousers the victim was using as a pillow. The court held that it was not. In a 153-word sentence, the court said the statute was directed at "the purse-snatcher, the jewel abstracter" and persons of like ilk. (*Ibid.*)

[2] That is true when the issue centers on the force prong of robbery. Some difficulty is encountered where force *and* fear are alleged in the conjunctive. There is authority that, at least in that context, the coercive effect of the fear amounts to force. (See *People v. Wright, supra,* 52 Cal.App.4th 203, 211; *People v. Brookins* (1989) 215 Cal.App.3d 1297, 1309 [264 Cal.Rptr. 240].) That is not our case.

The robbery statute, Penal Code section 211, describes robbery as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." This is the original Field Code statute, enacted in 1872 and never changed. The law was the same even before then. The original penal law of California, An Act concerning Crimes and Punishments, describes robbery as "the felonious and violent taking of money, goods, or other valuable thing from the person of another, by force or intimidation." (Stats. 1850, ch. 99, § 59, p. 235.) Prior to that, force or fear was an element of robbery at common law. (See *People v. Shuler* (1865) 28 Cal. 490, 492; *People v. Gomez* (2008) 43 Cal.4th 249, 254 [74 Cal.Rptr.3d 123, 179 P.3d 917].)

*People v. Church* (1897) 116 Cal. 300 [48 P. 125], is a leading decision on the issue. In that case, the "offense here charged [was] claimed to have been committed in a saloon, in the presence of various habitues of that resort." (*Id.* at p. 301.) The defendant grabbed a watch, or watch and chain, from one of the patrons and ran out the door with it. He was caught and charged with robbery. The trial court instructed the jury that since the charge was robbery, not larceny, the value of the item taken did not matter: the charged crime " 'is not like a case of larceny; where larceny is charged value becomes material, but here robbery is charged.' " (*Id.* at p. 302.) The instruction was error because the evidence also could have supported a charge of "grand larceny" (as it was then called; see Stats. 1850, ch. 99, § 60, p. 235), and it was for the jury to decide. The court observed that "[m]any cases of robbery may be disclosed by the evidence where the trial court would be justified in refusing an instruction to the effect that the defendant could be convicted of grand larceny. Such cases would be those where the evidence, without contradiction, indicates the offense to have been accomplished by means of force or fear . . ." but this case was not one of them. (*Church*, at p. 303.) Where the evidence would support either crime and robbery is charged, the better practice is to instruct the jury on the lesser crime as well.[3] The robbery conviction in *Church* was reversed because the decision whether the taking involved force was for the jury to determine and the court's instruction deprived it of the opportunity to do so. (*People v. Church, supra*, 116 Cal. at pp. 303–304.)

Later cases have discussed the amount of force required for robbery as opposed to grand theft. In *People v. Morales, supra*, 49 Cal.App.3d 134, the

---

[3] The law has evolved since 1897. It is now well established that in this situation, the court must instruct on the lesser included crime. (See *People v. Wickersham* (1982) 32 Cal.3d 307, 324 [185 Cal.Rptr. 436, 650 P.2d 311], overruled on another ground in *People v. Barton, supra*, 12 Cal.4th 186, 200.) Indeed, the prosecutor has discretion to charge a case either as robbery or grand theft where both theories are supportable. (See discussion in *People v. Wilkinson* (2004) 33 Cal.4th 821, 838, 840 [16 Cal.Rptr.3d 420, 94 P.3d 551].)

court observed that no case had purported to precisely define that amount of force. "However, it is established that something more is required than just that quantum of force which is necessary to accomplish the mere seizing of the property." (*Id.* at p. 139.) In *Morales* as in *Church*, upon which it relies, the trial court error was in failing to instruct the jury on the lesser included crime of theft from the person. (*Morales*, at p. 141.) Thus, "[w]hen actual force is present in a robbery, at the very least it must be a quantum more than that which is needed merely to take the property from the person of the victim, and is a question of fact to be resolved by the jury taking into account the physical characteristics of the robber and the victim." (*People v. Wright, supra,* 52 Cal.App.4th at p. 210, italics omitted.) An accepted articulation of the rule is that " '[a]ll the force that is required to make the offense a robbery is such force as is actually sufficient to overcome the victim's resistance . . . .' " (*People v. Clayton* (1928) 89 Cal.App. 405, 411 [264 P. 1105], quoted with approval in *People v. Lescallett* (1981) 123 Cal.App.3d 487, 491 [176 Cal.Rptr. 687], criticized on another point in *People v. Allison* (1989) 48 Cal.3d 879, 895 [258 Cal.Rptr. 208, 771 P.2d 1294]; see also *People v. Jefferson* (1939) 31 Cal.App.2d 562, 567 [88 P.2d 238]; *People v. Roberts* (1976) 57 Cal.App.3d 782 [129 Cal.Rptr. 529], overruled on another ground in *People v. Rollo* (1977) 20 Cal.3d 109, 120, fn. 4 [141 Cal.Rptr. 177, 569 P.2d 771]; *People v. Welch* (1963) 218 Cal.App.2d 422, 423 [31 Cal.Rptr. 926].) In *People v. Roberts*, the court said: "Certainly, the evidence that the purse was grabbed with such force that the handle broke supports the jury's implied finding that such force existed." (*People v. Roberts, supra,* 57 Cal.App.3d at p. 787; see also *People v. Abilez* (2007) 41 Cal.4th 472, 507 [61 Cal.Rptr.3d 526, 161 P.3d 58] [force or fear element may be satisfied even if victim is unaware of forceful taking, as where victim is unconscious or dead; application of force with intent to steal is sufficient].)

■ In this case, appellant came up to Ms. Hollowell and grabbed the purse she was holding; she tried to hold onto it but his strength and his act in stepping on her foot overcame her resistance, and he got away with the purse. That was robbery, and there is no basis in the record for a jury to find that it was nothing more than grand theft from the person.

II, III*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante,* page 1251.

## DISPOSITION

The judgment is affirmed.

Willhite, J., and Manella, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 17, 2009, S172943.