Filed 1/7/14  P. v. Burgan CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D064075 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN314662) |
| STEELE ANDREW BURGAN, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Kathleen M. Lewis, Judge.  Affirmed as modified with directions.

Alex Kreit, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Andrew Mestman and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

In January 2013, Steele Andrew Burgan entered a shop, held a knife to the owner's face and ordered her to give him money. The owner ran out of the shop. Burgan then ran out. When the owner returned to the shop, she found her cash drawer damaged and more than $200 missing. Sheriff's deputies apprehended Burgan and found the money on his person.

A jury found Burgan guilty of robbery with personal use of a deadly weapon (Pen. Code, §§ 211 & 12022, subd. (b)(1);[1] count 1), burglary (§ 459; count 2), misdemeanor petty theft (§ 484; count 3) and misdemeanor vandalism (§ 594, subds. (a) & (b)(2)(A); count 4). The court sentenced him to four years in prison: the three-year middle term for robbery and one year for the enhancement, a stayed term for burglary (§ 654) and credit for time served on the misdemeanor counts. Burgan appeals, contending the petty theft conviction must be reversed because that crime is a lesser included offense of robbery, and accordingly the court operations assessment (§ 1465.8) must be reduced by $40 and the court facilities assessment (Gov. Code, § 70373) must be reduced by $30. Respondent properly concedes these points.

"Theft in any degree is a lesser included offense to robbery, since all of its elements are included in robbery." (*People v. Burns* (2009) 172 Cal.App.4th 1251, 1256.) When two charged offenses are based on the same criminal act or course of conduct and, according to the statutory elements test, one offense is a lesser included offense of the other, the defendant cannot be convicted of both offenses. (*People v. Reed*

---

[1] Statutory references are to the Penal Code unless otherwise specified.

(2006) 38 Cal.4th 1224, 1226, 1231.)  Here, the petty theft count and the robbery count were based on the same course of conduct.  The conviction of petty theft must therefore be reversed.  (*People v. Villa* (2007) 157 Cal.App.4th 1429, 1435.)

The court operations assessment is $40 for every criminal conviction.  (§ 1465.8, subd. (a)(1).)  The court facilities assessment is $30 for each felony or misdemeanor conviction.  (Gov. Code, § 70373, subd. (a)(1).)  The court imposed one of each of these assessments for each of Burgan's four convictions.

## DISPOSITION

The judgment is modified by striking the conviction of petty theft (§ 484; count 3), by reducing the court operations assessment (§ 1465.8) by $40 and by reducing the court facilities assessment (Gov. Code, § 70373) by $30.  As so modified, the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment and forward it to the Department of Corrections and Rehabilitation.

HALLER, J.

WE CONCUR:

BENKE, Acting P. J.

IRION, J.

3