**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 21, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUAN CARLOS AGUILAR-RAMOS,
a/k/a JUAN CARLOS AGUILAR, a/k/a
JUAN CARLOS AGILARRAMOS, a/k/a
JUAN CARLOS RAMOS, a/k/a JUAN G.
AGUILAR, a/k/a JUAN CARLOSE G.
AGUILAR,

    Defendant - Appellant.

No. 15-2096
(D.C. No. 2:15-CR-00548-JTM-1)
(D.N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **McHUGH**, Circuit Judges.[**]
_____

In 2005, a California Superior Court convicted Defendant Juan Carlos Aguilar-

Ramos of felony robbery in the second degree under California Penal Code § 211.

After he served his two-year sentence, Defendant was deported to Mexico. He later

reentered the United States in 2014 and was subsequently charged with a single count

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

of reentering the United States after having been deported in violation of 8 U.S.C. § 1326. Defendant entered a blind guilty plea, and the district court sentenced him to 46 months' imprisonment.

The district court primarily based the sentence on an enhancement under § 2L1.2 of the United States Sentencing Guidelines, which governs sentencing for crimes involving unlawful entry into the United States. This section mandates that courts must apply a sixteen-level enhancement to a defendant's sentence if he or she was previously deported after "a conviction for a felony that is . . . a crime of violence." § 2L1.2(b)(1)(A)(ii). The district court concluded that Defendant's prior conviction for felony robbery in California constituted a "crime of violence" and thus applied the enhancement.

On appeal, Defendant argues that the district court should not have applied the enhancement. He contends that the district court "erred as a matter of law by treating [his] prior conviction for robbery [under] California Penal Code § 211[] as a crime of violence under . . . § 2L1.2(b)(1)(A)(ii)." Appellant's Br. 1. While Defendant's appeal was pending, however, we decided *United States v. Castillo*, 811 F.3d 342 (10th Cir. 2015), wherein we resolved the identical question "whether [a] district court erred in concluding that [a defendant's] conviction for robbery under California Penal Code section 211 qualifies as a conviction for a crime of violence pursuant to § 2L1.2 of the Guidelines." *Id.* at 345. We held in that case that "all crimes contemplated by § 211 correspond to crimes of violence under § 2L1.2." *Id.* at 349 n.2. *Castillo* therefore requires that Defendant's argument on appeal must fail.

2

Defendant contends that *Castillo* is not relevant in this context. Specifically, he points to § 211, which defines robbery as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of *force or fear*." Cal. Penal Code § 211 (emphasis added). Defendant notes that his argument on appeal focuses on robberies conducted by "force" and specifically hones in on the amount of force required to turn such a robbery into a crime of violence under § 2L1.2. *Castillo*, on the other hand, focused on interpreting robberies accomplished through "fear." *See Castillo*, 811 F.3d at 347 ("[A] violation of section 211 achieved *through threats to a person* meets the generic robbery definition, while a violation of section 211 *based on a threat to property* corresponds to generic extortion." (emphases added)). Defendant believes that this distinction shows *Castillo* does not govern.

Defendant is splitting hairs. Given the *Castillo* court's admonition that "*all* crimes contemplated by § 211 correspond to crimes of violence under § 2L1.2," *id.* at 349 n.2 (emphasis added), that court intended its holding to reach *any* type of robbery described by § 211, whether or not that robbery was conducted through force or through fear. *See also id.* at 349 (holding that "[t]he district court did not err in concluding that a conviction under section 211 is a crime of violence" and not limiting that holding to robberies accomplished through fear alone). We thus have no need to consider the amount of force required to turn a § 211 robbery into a crime of violence under § 2L1.2, because the *Castillo* court held that *all* robberies under § 211 were crimes of violence. And regardless, the cases that Defendant relies on to

3

establish the amount of force needed—*Leocal v. Ashcroft*, 543 U.S. 1 (2004), and *Johnson v. United States*, 559 U.S. 133 (2010)—do not apply to the twelve enumerated crimes of violence under § 2L1.2 (such as robbery). If anything, these cases would apply only to the meaning of the residual clause of § 2L1.2, which is a question not before us today. *See Johnson*, 559 U.S. at 135–36 (interpreting the meaning of "physical force" under 18 U.S.C. § 924(e)(2)(B)(i) of the Armed Career Criminal Act, which is identical to the residual clause of § 2L1.2).

We AFFIRM the district court's decision to apply the sixteen-level enhancement.

Entered for the Court

Bobby R. Baldock
Circuit Judge

15-2096, *United States v. Aguilar-Ramos*

**McHUGH**, Circuit Judge, concurring:

I join in the result reached by the majority, but I write separately to address Mr. Aguilar-Ramos's attempt to distinguish his case from our decision in *United States v. Castillo*, 811 F.3d 342 (10th Cir. 2015).

In *Castillo*, the defendant argued that a conviction under California Penal Code section 211 was not a crime of violence for purposes of the sentence enhancement found in U.S.S.G. § 2L1.2(b)(1)(A)(ii) because section 211, California's robbery statute, was broader than the generic definition of robbery. In particular, Mr. Castillo claimed that an unlawful taking of property would violate section 211 if accomplished through threats to property, while generic robbery requires threats to a person. Although Mr. Castillo was correct about the differences between the California robbery statute and generic robbery, we rejected his argument because the conduct that did not correspond to generic robbery—taking property by threats to property—corresponded to generic extortion. Thus, either method of violating section 211 identified by Mr. Castillo fell within a specific crime of violence listed in U.S.S.G. § 2L1.2(b)(1)(A)(ii).

Like Mr. Castillo, Mr. Aguilar-Ramos contends it was improper to use his robbery conviction under section 211 to enhance his sentence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because section 211 is broader than the generic definition of robbery. But Mr. Aguilar-Ramos relies on an alleged distinction in the level of force required, rather than the object of the actor's threats. Specifically, he argues that the amount of force required under

section 211 is less than the amount required for generic robbery. But Mr. Aguilar-Ramos is mistaken.

Section 211 defines robbery as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." California courts have defined the force necessary to constitute a violation of section 211 as "such force as is actually sufficient to overcome the victim's resistance." *People v. Burns*, 92 Cal. Rptr. 3d 51 (Ct. App. 2009). Contrary to Mr. Aguilar-Ramos's assertions, that position is consistent with the generic definition of robbery. *See* 67 Am. Jur. 2d, *Robbery* § 26 ("Any force, violence, or threat, no matter how slight, is sufficient to sustain a robbery conviction if it . . . prevents or overcomes resistance to the property's taking or retention."); 3 Wayne R. LaFave, *Substantive Criminal Law*, § 20.3(d)(1) (2d ed. 2015) (surveying cases). And although the Model Penal Code requires that the individual "inflict[] serious bodily injury upon another" to be guilty of robbery, it expressly acknowledges that this requirement "is a departure from the law in many states." Model Penal Code § 222.1(1)(a) & explanatory note (Am. Law Inst., Official Draft 1985).

Accordingly, even if Mr. Aguilar-Ramos could distinguish his case from our decision in *Castillo*, his argument fails on the merits.