McHUGH, Circuit Judge,
concurring:
I join in the result reached by the majority, but I write separately to address Mr. Aguilar-Ramos’s attempt to distinguish his case from our decision in United States v. Castillo, 811 F.3d 342 (10th Cir.2015).
In Castillo, the defendant argued that a conviction under California Penal Code section 211 was not a crime of violence for purposes of the sentence enhancement found in U.S.S.G. § 2L1.2(b)(l)(A)(ii) because section 211, California’s robbery statute, was broader than the generic definition of robbery. In particular, Mr. Castillo claimed that an unlawful taking of property would violate section 211 if accomplished through threats to property, while generic robbery requires threats to a person. Although Mr. Castillo was correct about the differences between the California robbery statute and generic robbery, we rejected his argument because the conduct that did not correspond to generic robbery — taking property by threats to property — corresponded to generic extortion. Thus, either method of violating section 211 identified by Mr. Castillo fell within a specific crime of violence listed in U.S.S.G. § 2L1.2(b)(l)(A)(ii).
Like Mr. Castillo, Mr. Aguilar-Ramos contends it was improper to use his robbery conviction under section 211 to' enhance his sentence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) because section 211 is broader than the generic definition of robbery. But Mr. Aguilar-Ramos relies on an alleged distinction in the level of force required, rather than the object of the actor’s threats. Specifically, he argues that the amount of force required under section 211 is less than the amount required for generic robbery. But Mr. Aguilar-Ramos is mistaken.
Section 211 defines robbery as “the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.” California courts have defined the force necessary to constitute a violation of section 211 as “such force as is actually sufficient to overcome the victim’s resistance.” People v. Burns, 172 Cal.App.4th 1251, 92 Cal.Rptr.3d 51 (2009). Contrary to Mr. Aguilar-Ramos’s assertions, that position is consistent with the generic definition of robbery. See 67 Am. Jur. 2d, Robbery § 26 (“Any force, violence, or threat, no matter how slight, is sufficient to sustain a robbery conviction if it ... prevents or overcomes resistance to the property’s taking or retention.”); 3 Wayne R. LaFave, Substantive Criminal Law, § 20.3(d)(1) (2d ed.2015) (surveying cases). And. although the Model Penal Code requires that the individual “inflictf ] serious bodily injury upon another” to be guilty of robbery, it expressly acknowledges that this requirement “is a departure from the law in many states.” Model Penal Code § 222.1(1)(a) & explanatory note (Am. Law Inst., Official Draft 1985).
*780 Accordingly, even if Mr. Aguilar-Ramos could distinguish his case from our decision in Castillo, his argument fails on the merits.