Filed 5/18/16  P. v. Casey CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DOMINIQUE ZAFIR CASEY,<br><br>    Defendant and Appellant. | 2d Crim. No. B261361<br>(Super. Ct. No. MA062908-02)<br>(Los Angeles County) |

Dominique Zafir Casey appeals from the judgment entered after a jury convicted him of attempting to dissuade a witness from reporting a crime (count 1 - Pen. Code, § 136.1, subd. (b)(1));[1] two counts of second degree robbery (counts 2 and 5 - § 211.); possession for sale of cocaine base (count 7 - Health & Saf. Code, § 11351.5); transportation of a controlled substance (count 8 - *Id*., § 11352, subd. (a)); and felony vandalism (defacement with graffiti - count 9 - § 594, subds. (a)(1), (b)(1)).  As to the vandalism count, the jury found true an allegation that appellant had committed the offense for the benefit of a criminal street gang.  (§ 186.22, subd. (b)(1).)  Appellant admitted that he had been convicted of a prior serious felony within the meaning of section 667, subdivision (a)(1) and a prior "strike" within the meaning of California's "Three Strikes" law.  (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)

---

[1] Unless otherwise stated, all statutory references are to the Penal Code.

1

The trial court sentenced appellant to prison for an aggregate term of 15 years. For the robbery in count 2, it selected the low term of two years and doubled it to four years because of the prior strike. On count 7, the court imposed a consecutive term of two years, eight months. On count 9, it imposed a consecutive term of one year, four months (one-third the middle term of two years, i.e., eight months, doubled because of the prior strike) plus two years for the gang enhancement. For the prior serious felony conviction (§ 667, subd. (a)(1)), the court imposed an additional five years. It imposed concurrent sentences on counts 1, 5, and 8 and stayed execution of the sentences pursuant to section 654.

This appeal involves only counts 5 (robbery of Ramatu Waller) and 9 (felony vandalism with a gang enhancement). As to count 5, appellant contends: (1) the evidence is insufficient to show that the robbery was accomplished by means of force or fear; and (2) the trial court erroneously failed to instruct sua sponte that grand theft from the person (§ 487, subd. (c)) is a lesser included offense of robbery. As to count 9, appellant contends: (1) his counsel was ineffective; and (2) for the gang enhancement, the trial court should have imposed an eight-month consecutive term instead of a two-year consecutive term. Only the second contention as to count 9 has merit. We reduce appellant's aggregate term from 15 years to 13 years, 8 months. In all other respects, we affirm.

*Facts Relevant to Count 5 - Robbery of Ramatu Waller*

During an argument inside a condominium, appellant punched Bobby Maddox in the mouth. Maddox stumbled and dropped his cell phone. Appellant picked up the phone and ripped a chain off Maddox's neck. He put the phone and chain inside his pocket. Appellant ran outside and entered the passenger side of a car. The car's driver, Rekeina Rubin, started to drive away.

Ramatu Waller lived in the condominium with Maddox. She ran alongside the car and got into the back seat. She pleaded with appellant to return the cell phone and chain. She was crying and scared.

Appellant handed Waller the cell phone and chain. She "clenched" them in her left hand. About two minutes later appellant said, "Fuck that," and "snatched the stuff out of [her] hand." Waller explained: "I'm right handed but it was in my left hand. So he was able to take it from me. I didn't have the strength to hold on to it. As hard as I was trying to hold on to it, I wasn't able to hold it, you know, that tight. That tight of grip."

Waller testified that, when appellant took the cell phone and chain from her, he did not grab her arm. But Waller told the police that appellant had "grabbed her by her left arm and snatched the items with his right hand."

Appellant testified that he had not taken Maddox's necklace or cell phone. While Waller was in the back seat of the car, she kept asking him, "Where is the phone and chain?" Appellant showed her his cell phone, and she "snatched" it out of his hand. About a minute later appellant said, "Give me my phone back," and he "snatched [his] phone back" from Waller.

*Facts Relevant to Count 9 - Felony Vandalism*

On May 27, 2014, the City of Lancaster documented an incident of graffiti defacement on a wall within the city limits. On June 8, 2014, someone uploaded to YouTube, an internet website, a video showing appellant defacing the wall with graffiti. Appellant was "rapping in the video as well as spray painting on [the] wall." Defense counsel and the prosecutor stipulated that the wall was damaged in the amount of $431.

*Sufficiency of the Evidence: Robbery of Ramatu Waller*

In a robbery, the taking of property must be "accomplished by means of force or fear." (§ 211.) The People's theory was that, after giving the cell phone and chain to Waller, appellant had used the requisite force to snatch these items away from her. During closing argument, the prosecutor stated: "[Appellant] used force or fear. . . . [I]t is the force he used to grab and take the property out of her hand. That is what is needed for robbery . . . . [H]e had to basically force it out of her hand."

Appellant argues that the evidence is insufficient to establish the force required for robbery. "In reviewing a criminal conviction challenged as lacking evidentiary support, '"the court must review the whole record in the light most favorable

3

to the judgment below to determine whether it discloses substantial evidence—that is, evidence which is reasonable, credible, and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt."' [Citation.]" (*People v. Maury* (2003) 30 Cal.4th 342, 396.) We "must . . . presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citations.]" (*People v. Reilly* (1970) 3 Cal.3d 421, 425.)

The rule and rationale of *People v. Burns* (2009) 172 Cal.App.4th 1251 is controlling here. There, the defendant grabbed the victim's purse, which was on her elbow. The victim "tried to clutch the purse, but [the defendant] stepped on her toe and grabbed the purse. [The victim] was unable to hold onto it any longer. [The defendant] pulled the purse down and forcibly took it away from [the victim's] grip, then ran out the door with the purse." (*Id.*, at p. 1255.) The court concluded that the evidence established a "robbery, and there is no basis in the record for a jury to find that it was nothing more than grand theft from the person." (*Id.*, at p. 1259.) The court stated: "We hold, . . . that where a person wrests away personal property from another person, who resists the effort to do so, the crime is robbery, not merely theft." (*Id.*, at p. 1257.)

Unlike the defendant in *Burns*, appellant did not step on Waller's foot. But this factual difference is immaterial. Like the defendant in *Burns*, appellant wrested the chain and cell phone away from Waller. She resisted the effort to do so. She clenched the items in her left hand, but "didn't have the strength to hold on to [them]." Thus, substantial evidence supports the force element of robbery.

*Jury Instruction on Lesser Included*

*Offense of Grand Theft from the Person*

"[A] trial court errs if it fails to instruct, sua sponte, on all theories of a lesser included offense which find substantial support in the evidence. On the other hand, the court is not obliged to instruct on theories that have no such evidentiary support." (*People v. Breverman* (1998) 19 Cal.4th 142, 162.)

Appellant contends that the trial court erroneously failed to instruct sua sponte that grand theft from the person (§ 487, subd. (c)) is a lesser included offense of

4

robbery.  The same contention was rejected by the court in *People v. Burns*, *supra*, 172 Cal.App.4th 1251.  The court reasoned, "We find no error because the 'purse snatch' in this case, . . . was a robbery and there is no substantial evidence that it was anything less." (*Id.*, at p. 1254.)  The same reasoning applies here.  Appellant snatched the chain and cell phone from Waller's left hand while she was holding on to them as hard as she could.

*Effective Assistance of Counsel: Count 9 (Felony Vandalism)*

Appellant claims that he was denied his constitutional right to the effective assistance of counsel because counsel stipulated that the graffiti defacement (count 9 - felony vandalism) had caused damage in the amount of $431.  If the damage had been less than $400, the vandalism would have been a misdemeanor instead of a felony. (§ 594, subd. (b)(1).)

"[A] defendant claiming ineffective assistance of counsel under the federal or state Constitutions must show both deficient performance under an objective standard of professional reasonableness and prejudice under a test of reasonable probability of a different outcome.  'If the record contains an explanation for the challenged aspect of counsel's representation, the reviewing court must determine "whether the explanation demonstrates that counsel was reasonably competent and acting as a conscientious, diligent advocate."  [Citation.]  On the other hand, if the record contains no explanation for the challenged behavior, an appellate court will reject the claim of ineffective assistance "unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation . . . ."  [Citation.]'  [Citation.]" (*People v. Osband* (1996) 13 Cal.4th 622, 700-701.)

Here, the record contains no explanation for counsel's stipulation, and she was not asked to provide an explanation.  We therefore cannot conclude that counsel was ineffective unless there could have been no satisfactory explanation for her conduct. (*People v. Osband*, *supra*, 13 Cal.4th at pp. 700-701.)  A satisfactory explanation could have existed.  For example, a company may have removed the graffiti and charged $431 for its services.  Accordingly, we reject appellant's claim that his counsel was ineffective.

5

*Punishment for Gang Enhancement*

A gang enhancement is punishable "by an additional term of two, three, or four years at the court's discretion." (§ 186.22, subd. (b)(1)(A).) Appellant asserts, and the People concede, that the trial court erroneously imposed a full two-year consecutive term for the gang enhancement applicable to count 9 (felony vandalism). The People maintain that "the trial court should have only enhanced appellant's sentence by eight months (one-third of two years)." We agree. Section 1170.1, subdivision (a) provides, "The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment . . . , and shall include one-third of the term imposed for any specific enhancements . . . ." An enhancement is not subject to sentence-doubling under the Three Strikes law. (*People v. Jefferson* (1999) 21 Cal.4th 86, 101.)

*Disposition*

The consecutive term imposed for the gang enhancement (§ 186.22, subd. (b)(1)(A)) on count 9 (felony vandalism) is reduced from two years to eight months, thereby reducing appellant's aggregate prison term from 15 years to 13 years, eight months. In all other respects, the judgment is affirmed. The trial court shall prepare an amended abstract of judgment and send a certified copy to the Department of Corrections and Rehabilitation.[2]

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

---

[2] The current abstract of judgment erroneously shows that the gang enhancement was imposed on count 2 instead of count 9. It also cites the wrong subdivision for the gang enhancement - section 186.22, subdivision (b)(4) instead of subdivision (b)(1)(A). Subdivision (b)(4) requires the imposition of "an indeterminate term of life imprisonment." (*Ibid*.) The trial court shall correct these errors in the amended abstract of judgment.

Charles A. Chung, Judge

Superior Court County of Los Angeles

_____

Leonard J. Klaif, under appointment by the Court of Appeals for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Stacy S. Schwartz, Deputy Attorney General, for Plaintiff and Respondent.