Filed 2/25/21  In re C.B. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re C.B., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B305029 (Super. Ct. No. PJ53189) (Los Angeles County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>C.B.,<br><br>    Defendant and Appellant. | |

C.B. appeals the wardship order (Welf. & Inst. Code, § 602) entered after the trial court sustained a petition for attempted second degree robbery.  (Pen. Code, §§ 664/211.)[1]  At the disposition hearing, appellant admitted three prior petitions (dated March 28, 2019, October 1, 2019, and October 22, 2019) for robbery and attempted second degree robbery (§§ 211; 664/211), grand theft from the person of another (§ 487, subd. (c)), and

_____

[1] All further statutory references are to the Penal Code.

receiving stolen property exceeding $900 in value (§ 496, subd. (a)).  The trial court declared the current offense (attempted second degree robbery) a felony, found the maximum confinement period was seven years eight months, and ordered appellant to be home on probation.  We affirm.

Appellant and his brother confronted M.H. by a bus stop, demanded money, and blocked her path as she tried to walk away.  They pushed and shoved her as appellant tried to take her fanny pack.  M.H. broke away and ran but was shot in the back with a BB gun.  During the attack, M.H.'s left hand, which was in a wrist brace, was injured.  The injury was significant and might require surgery.

M.H. called the police and, minutes later, identified appellant and his brother in a field show up.  The brother had a BB pellet gun in his pocket and appellant had a folding knife.  Sustaining the petition, the trial court found that M.H. was "a particularly vulnerable victim because of her age, her size.  She is mildly obese, and she appeared to have . . . little ability to defend herself because of her injury to her left [] hand.  [¶]  [Appellant and the brother] working together thought she was an easy mark and that she would be easy to get the fanny pack from.  [¶]  She protected herself and tried to run away."

*Force or Fear*

Appellant claims that insufficient force or fear was used for the robbery.  As in any substantial evidence case, all conflicts in the evidence are resolved in favor of the trial court's findings, and the evidence is viewed in the light most favorable to the judgment.  (*In re Angelia P.* (1981) 28 Cal.3d 908, 924.)  Appellant argues it was a clumsy pickpocket, involving a slight, harmless touching.  (*People v. Garcia* (1996) 45 Cal.App.4th 1242,

2

1246, overruled on other grounds in *People v. Mosby* (2004) 33 Cal.4th 353, 365, fns. 2-3.)  That isn't how the victim described it. Appellant and the brother blocked the victim's path, pushed and shoved her, and tugged on the fanny pack trying to yank it from the victim's grasp.  M.H. fought back.  Frustrated about their inability to overpower the victim and wrest the fanny pack, they shot her in the back with the BB gun.

Trial counsel defended on the theory that it was aggressive panhandling or attempted grand theft of the person, but that did not track the facts or the law[2] which dates back before the invention of fanny packs.  "There may be some generalized impression that a purse snatch—grabbing a purse (or similar object) from a person—is grand theft and nothing more. Thus, it has been said that the purpose of Penal Code section 487 is to 'guard against[-]the purse-snatcher.' [Citation.]" (*People v. Burns* (2009) 172 Cal.App.4th 1251, 1257 (*Burns*).)  Grabbing a watch and chain from a victim and running out the door with the prize can be enough force or fear for a robbery.  That is for the trier of fact to decide, taking into account the physical characteristics of the robber and the victim.  (*Id.* at p. 1259.) Here it took no leap of logic for the trial court to find the force and fear used was sufficient to sustain the petition for attempted second degree robbery.

---

[2] "The robbery statute, Penal Code section 211, describes robbery as 'the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, *accomplished by means of force or fear*.'  This is the original Field Code statute, enacted in 1872 and never changed.  The law was the same even before then." (*Burns, supra,* 172 Cal.App.4th at p. 1258, italics added.)

*Disposition*
The judgment is affirmed.
NOT TO BE PUBLISHED.


                                    YEGAN, J.


We concur:


GILBERT, P. J.


PERREN, J.


4

Nancy L. Newman, Judge

Superior Court County of Los Angeles

_____

Holly Jackson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.