Filed 6/18/25  P. v. Hall CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>          v.<br><br>ERNEST RAY HALL II,<br><br>    Defendant and Appellant. | F087937<br><br>(Super. Ct. No. F23904380)<br><br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Fresno County.  F. Brian Alvarez, Judge.

Ross Thomas, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Kenneth N. Sokoler and Sean M. McCoy, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Detjen, Acting P. J., Peña, J. and Smith, J.

Defendant Ernest Ray Hall II contends on appeal that the judgment must be reversed because the evidence presented at trial is insufficient to support his conviction for robbery. The People disagree. We affirm.

## PROCEDURAL SUMMARY

On September 12, 2023, the Fresno County District Attorney filed an information charging defendant with second degree robbery (Pen. Code, § 211;[1] count 1). It was further alleged that defendant suffered one prior serious felony conviction (§ 667, subd. (a)(1)) and one prior strike conviction (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)). The information further alleged aggravating factors (Cal. Rules of Court, rule 4.421(b)).

On September 21, 2023, defendant pled not guilty to count 1 and denied the special allegations.

On January 11, 2024, a jury found defendant guilty of count 1. Defendant waived his right to a jury on the prior conviction allegations. The trial court found true the allegations that defendant suffered one prior serious felony conviction and one prior strike conviction.

On March 12, 2024, defendant filed a *Romero*[2] motion requesting the trial court strike his prior conviction pursuant to section 1385.

On March 15, 2024, the trial court denied defendant's *Romero* motion to strike the prior conviction allegations. The court sentenced defendant to a total prison term of nine years as follows: on count 1, four years (the low term, doubled pursuant to the prior strike conviction), plus an additional five years for the prior serious felony conviction enhancement (§ 667, subd. (a)(1)).

On April 24, 2024, defendant filed a notice of appeal.

---

[1]     All statutory references are to the Penal Code.

[2]     *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

## FACTUAL SUMMARY

On May 16, 2023, Shana and Lisa were working as assistant managers at a store. Shana saw defendant enter the store. He appeared to be shopping like an ordinary customer. She then realized he left the store with a shopping cart through an emergency exit when she heard the security alarm go off. Defendant did not attempt to pay for the items in his shopping cart.

Shana and Lisa exited the store through the front door into the parking lot. There, Shana saw defendant next to a red car with a woman in the driver's seat. Defendant was attempting to open the rear door, yelling at the woman, " 'Unlock the door, unlock the door.' " Defendant was able to get the door open and began throwing items from the shopping cart into the car, including an air mattress and comforter.

While defendant was throwing the items from the shopping cart into the car, the cart rolled approximately 10 to 15 feet away from him towards Lisa. The cart still had items from the store in it. Lisa grabbed the cart after it rolled away. Lisa moved the cart towards the store. Defendant ran after Lisa and grabbed the cart with his left hand to jerk it away from her, using his right arm to block her and push her away.

Shana testified that she saw defendant's arm touch Lisa. Lisa testified that she did not know whether defendant made physical contact with her but she told police officers after the incident that defendant had not touched her. However, Lisa testified during the trial that she had previously testified at the preliminary hearing that defendant brushed up against her and hit her arm with his arm or elbow when he yanked the cart away from her.

Lisa also testified she felt safe when she took the cart that had rolled away from defendant, but when defendant grabbed the cart from her, she felt nervous and surprised, but not afraid.

After taking the cart back from Lisa, defendant finished putting the items from the cart into the red car and he and the driver drove out of the store's parking lot.

Shana and Lisa testified the store has a policy against employees physically interfering with people suspected of taking items from the store. Store policy directs employees to only attempt to photograph the person and vehicle during such an incident.

## DISCUSSION

Defendant contends the robbery conviction must be reversed because there is insufficient evidence that he took the items from the store by means of force or fear. The People disagree. We agree with the People.

### A. Law

" 'To determine the sufficiency of the evidence to support a conviction, an appellate court reviews the entire record in the light most favorable to the prosecution to determine whether it contains evidence that is reasonable, credible, and of solid value, from which a rational trier of fact could find the defendant guilty beyond a reasonable doubt.' " (*People v. Bolden* (2002) 29 Cal.4th 515, 553.) We must draw all reasonable inferences in support of the judgment. (*People v. Wader* (1993) 5 Cal.4th 610, 640.) "It is not our function to reweigh the evidence, reappraise the credibility of witnesses, or resolve factual conflicts, as these are functions reserved for the trier of fact." (*People v. Tripp* (2007) 151 Cal.App.4th 951, 955; accord, *People v. Young* (2005) 34 Cal.4th 1149, 1181.) We look for substantial evidence, and we may not reverse a conviction for insufficiency of the evidence "unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].' " (*People v. Bolin* (1998) 18 Cal.4th 297, 331.)

The reviewing court "does not … limit its review to the evidence favorable to the respondent." (*People v. Johnson* (1980) 26 Cal.3d 557, 577.) Instead, it "must resolve the issue in the light of the *whole record*—i.e., the entire picture of the defendant put before the jury—and may not limit [its] appraisal to isolated bits of evidence selected by the respondent." (*Ibid.*)

4.

Although we review the whole record, "[t]he uncorroborated testimony of a single witness is sufficient to sustain a conviction, unless the testimony is physically impossible or inherently improbable." (*People v. Scott* (1978) 21 Cal.3d 284, 296; see *People v. Panah* (2005) 35 Cal.4th 395, 489.) Furthermore, " ' " '[c]ircumstantial evidence may be sufficient to connect a defendant with the crime and to prove his guilt beyond a reasonable doubt.' " [Citations.]' " (*People v. Bradford* (1997) 15 Cal.4th 1229, 1329.) If the circumstances, plus all the logical inferences the jury might have drawn from them, reasonably justify the jury's findings, our opinion that the circumstances might also reasonably be reconciled with a contrary finding does not warrant a reversal of the judgment. (*Ibid.*; *Panah*, at pp. 487–488.)

Robbery is " 'the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.' " (*People v. Bacon* (2010) 50 Cal.4th 1082, 1117, citing § 211.)

A person who has the right to control the property has constructive possession of the property. (*People v. Scott* (2009) 45 Cal.4th 743, 749–750.) " 'California follows the long-standing rule that the employees of a business constructively possess the business owner's property during a robbery.' " (*Id*. at p. 752.) " ' "[A] store employee may be the victim of a robbery even though he is not its owner and not at the moment in immediate control of the stolen property." ' " (*Id*. at p. 751.)

" ' "The terms 'force' and 'fear' as used in the definition of the crime of robbery have no technical meaning peculiar to the law and must be presumed to be within the understanding of jurors." ' [Citations.] In terms of the amount of force required to elevate a taking to a robbery, 'something more is required than just that quantum of force which is necessary to accomplish the mere seizing of the property.' " (*People v. Lopez* (2017) 8 Cal.App.5th 1230, 1235.)

In *People v. Burns* (2009) 172 Cal.App.4th 1251, 1259, the court found the force need not be great: " ' "[a]ll the force that is required to make the offense a robbery is

5.

such force as is actually sufficient to overcome the victim's resistance ....” ’ ” *Burns* in fact based its analysis not on the amount of force applied, but on the fact of the victim's resistance; thus, a purse snatching constituted robbery when the defendant stepped on the victim's toe and pulled the purse from her as she struggled to hold onto it. (*Id*. at pp. 1255, 1257 [“where a person wrests away personal property from another person, who resists the effort to do so, the crime is robbery, not merely theft”].) “It is sensible to treat a theft more severely under the law when it involves overcoming a victim's resistance, because the risk of harm to the victim is greater, and the crime is commensurately more serious.” (*People v. Lopez*, *supra*, 8 Cal.App.5th at p. 1237.)

The fear necessary to prove robbery involves any intimidation that facilitates the defendant's taking of the property. (*People v. Morehead* (2011) 191 Cal.App.4th 765, 774–775.)

### B.    *Analysis*

Here, the record contains substantial evidence to support a reasonable inference by the jury that defendant took the property from Lisa by means of force. Accordingly, there is sufficient evidence to support defendant's jury conviction for second degree robbery.

Here, Lisa testified that after defendant took the cart of items from the store outside and she followed him, it rolled away from him. After it rolled away from him, she took control of the cart with the remaining items in it and started to push it back towards the store.

While Lisa, as a store employee, had constructive control over the property during the initial taking of the items from the store, she gained actual possession of the items when she took control of the cart after it rolled away from defendant. (See *People v. Scott*, *supra*, 45 Cal.4th at p. 749.) The record shows that defendant then regained possession of the items when he regained control of the cart by grabbing it while brushing up against Lisa with his arm or elbow.

6.

Defendant argues that the force he used to grab the cart from Lisa was not more than necessary to take the property from her. However, "[c]ourts have recognized that the 'force' required for robbery is not necessarily synonymous with a physical corporeal assault. [Citation.] An assault consists of an attempt coupled with the present ability to inflict an 'injury' unlawfully on another; this 'injury' can be the least unwanted touching. [Citation.] When *actual* force is present in a robbery, at the very least it must be a quantum more than that which is needed merely to take the property from the person of the victim, and is a question of fact to be resolved by the jury taking into account the physical characteristics of the robber and the victim. [Citations.] The force need not be applied directly to the person of the victim." (*People v. Wright* (1996) 52 Cal.App.4th 203, 210 (*Wright*).)

In *People v. Harris* (1977) 65 Cal.App.3d 978, 981, 989, the court found that a defendant pushing a jewelry case lid open while the victim tried to push it shut constituted sufficient force to support a robbery conviction. "If 'force' for purposes of robbery meant no more than the direct (or indirect) application of physical might to the person of the victim, then we would agree that an assault is necessarily included any time a prosecutor alleges a robbery was committed by means of force. 'Force,' however, has a broader meaning." (*Wright*, *supra*, 52 Cal.App.4th at p. 210.)

Similarly, Lisa's description of the interaction when she stated defendant "grabbed" the cart and "just jerked it out of my hands" and "yanked it out of my hands" supports the jury's reasonable inference that Lisa was attempting to maintain control of the cart by holding onto it, causing defendant to have to use "a quantum more" force than that which was needed merely to take the property from Lisa. (See *Wright*, *supra*, 52 Cal.App.4th at p. 210.)

Further, here, Shana testified that she saw defendant's arm touch Lisa. Lisa testified that she did not know whether defendant made physical contact with her but she told police officers after the incident that defendant had not touched her. However, Lisa

7.

also testified during trial that she had previously testified at the preliminary hearing that defendant brushed up against her and hit her arm with his arm or elbow when he yanked the cart away from her.

Here, the jury was entitled to find Shana's testimony credible that defendant made physical contact with Lisa when he grabbed the cart from her, as it was neither physically impossible, nor inherently improbable. "The uncorroborated testimony of a single witness is sufficient to sustain a conviction, unless the testimony is physically impossible or inherently improbable." (*People v. Scott*, *supra*, 21 Cal.3d at p. 296; see *People v. Panah*, *supra*, 35 Cal.4th at p. 489.) Further, "[i]t is not our function to reweigh the evidence, reappraise the credibility of witnesses, or resolve factual conflicts, as these are functions reserved for the trier of fact." (*People v. Tripp*, *supra*, 151 Cal.App.4th at p. 955; accord, *People v. Young*, *supra*, 34 Cal.4th at p. 1181.) Accordingly, regardless of Lisa's conflicting testimony about whether defendant physically touched her when grabbing the cart, the jury was entitled to find credible Shana's testimony that defendant used force to take the items from Lisa.

As the jury found credible Shana's testimony that defendant grabbed the cart away from Lisa when she was holding onto it, bumping or pushing her while doing so, the record supports the jury's reasonable inference that defendant used more force than necessary to accomplish the mere seizure of the property while Lisa had control over the cart and items within it. Accordingly, as the record contains substantial evidence to support a reasonable inference by the jury that defendant took the items by means of force, there is sufficient evidence to support defendant's jury conviction for second degree robbery.

## DISPOSITION

The judgment is affirmed.